## GIRBEKIAN v. COSTIKYAN.

(Supreme Court, Appellate Division, First Department. June 19, 1908.)

1. JUDGMENT—OPENING DEFAULT—CONDITIONS—PAYMENT OF COSTS.

    The action on the liability of a stockholder for debts of a corporation being one on contract, and hence within the jurisdiction of the Municipal Court or the City Court, and the recovery sought being less than $250, and defendant having been served within the county of New York, so that by express provision of Code Civ. Proc. § 3228, subd. 5, plaintiff could recover no costs, the action being brought in the Supreme Court, the direction of the court, as to the opening of the default, awarding "costs of the action," was error.

2. CORPORATIONS—STOCKHOLDER'S LIABILITY FOR CORPORATE DEBTS—ACTIONS—COSTS.

    The action to enforce a stockholder's liability for debts of the corporation being on contract, plaintiff is, under Code Civ. Proc. § 3251, subd. 1, entitled to only $15 costs, instead of $25, for proceedings before notice of trial.

Appeal from Special Term.

Action by Sarkis Girbekian against Lemuel H. Costikyan. From an order directing taxation of costs, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

James M. Gorman, for appellant.
Cornelius Huth, for respondent.

PER CURIAM. The defendant appeals from an order directing the clerk to tax a bill of costs. The default apparently remains unopened, as no order opening it appears to have been entered. The clerk's original refusal to tax the bill of costs was right, because this is an action in which the plaintiff cannot recover costs. It is now settled beyond dispute that the liability of a stockholder for the debts of a corporation is a liability resting on contract, and hence it is one of which the Municipal Court or the City Court had jurisdiction, and it appears that the defendant was served within the county of New York. Under subdivision 5 of section 3228, Code of Civil Procedure, the plaintiff, the amount claimed and for which he could recover being under $250, could not recover costs in this court.

The direction of the court as to the opening of the default awarded "costs of the action," and as under the section quoted there could be no costs of the action against the defendant, the clerk was justified in refusing to tax a bill of costs, and the order directing him to do so was erroneous. The award was of costs as costs, and not of a definite sum, or of an amount equal to what the costs would have been if recoverable. Incidentally it may be noted that the bill of costs ordered to be taxed was erroneous, in that it allowed $25 for costs before notice of trial, instead of $15. The action being one to enforce a contract liability, judgment could have been entered without application to the court. Section 3251, subd. 1, Code Civ. Proc.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied.

